# RECORD NO. 14-1341

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**MICHAEL LITTLE,**

*Appellant,*

v.

**HOOK TIRE & SERVICE, INC.,**

*Appellee.*

---

### BRIEF OF APPELLANT

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

GERALDINE SUMTER
Ferguson, Chambers & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204
Telephone: 704-375-8461

Counsel for Appellant

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __14-1341__   Caption: __Michael Little v. Hook Tire & Service, Inc.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Michael Little__
(name of party/amicus)

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

10/28/2013 SCC                     - 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: s/ Geraldine Sumter                                Date: April 24, 2014

Counsel for: Appellant, Michael Little

# CERTIFICATE OF SERVICE
**************************

I certify that on ___April 24, 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Stephen D. Dellinger
Kevin Murphy
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
E-mail: sdellinger@littler.com
        kmurphy@littler.com


s/ Geraldine Sumter                                April 24, 2014
     (signature)                                       (date)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................ii

JURISDICTIONAL STATEMENT ....................................................................... 1

STATEMENT OF THE ISSUE PRESENTED ...................................................... 2

    1. Whether the District Court Erred By Granting Defendant's Motion for Judgment on the Pleadings............................................. 2

STATEMENT OF THE CASE................................................................................ 3

STATEMENT OF THE FACTS ............................................................................. 3

ARGUMENT ........................................................................................................... 5

    I.    THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ............... 5

        A.    STANDARD OF REVIEW ............................................... 5

        B.    THE DISTRICT COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S DISCRIMINATION CLAIMS ........................................ 6

CONCLUSION ...................................................................................................... 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# **TABLE OF AUTHORITIES**

<u>Cases:</u>                                                                                              <u>Page</u>

*AARP v. EEOC*, 390 F.Supp.2d 437 (E.D.Pa. 2005)..............................9

*Alexander v. City of Greensboro*, 801 F. Supp. 2d 429
(M.D.N.C. 2011) ....................................................................................7

*Board of Co. Commissioners v. U.S. EEOC*, 405 F.3d 840
(10th Cir. 2005)......................................................................................9

*Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401
(4th Cir. 2002).......................................................................................6

*Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53
(2006) ....................................................................................................9

*Butler v. United States,* 702 F.3d 749 (4th Cir. 2012)................................6

*Edelman v. Lynchburg College*, 535 U.S. 106 (2002)................................9

*Edwards v. City of Goldsboro,* 178 F.3d 231 (4th Cir. 1999) ....................6

*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984) ..............................................9

*Flue-Cured Tobacco Co-op. Stabilization Corp. v. U.S. Envtl. Prot.*
*Agency,* 857 F. Supp. 1137 (M.D.N.C. 1994) ...................................... 10

*Fulmore v. City of Greensboro,* 834 F. Supp. 2d 396 (2011) ...................7

*Navarro v. Pfizer Corporation*, 261 F.3d 90 (1st Cir. 2001)......................9

*Pressley v. Caromont Health,* 2009 U.S. Dist. LEXIS 120644 (W.D.N.C.
Dec. 29, 2009) .....................................................................................10

**Statutes:**

28 U.S.C. §§2201 and 2202 .................................................................................. 3
28 U.S.C. §1291 ..................................................................................................... 3
28 U.S. C. §1331 .................................................................................................... 3
28 U.S.C. §1367 ..................................................................................................... 3
42 U.S.C. §2000(e) *et seq.* .................................................................................... 3
42 U.S.C. §2000e-3(a) ........................................................................................... 3

**Other Authorities**:

Rule 12(c) of the Federal Rules of Civil Procedure as Amended
December 1, 2013 .................................................................................................. 6

## JURISDICTIONAL STATEMENT

I. The court below obtained jurisdiction over this case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*, as amended, and pendent state court jurisdiction. Jurisdiction was also conferred upon this court by 28 U.S. C. §1331. Jurisdiction was further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein, violating rights secured to the Plaintiff by Title VII. This court has jurisdiction over the appeal from a final judgment from the district court dated March 13, 2014, disposing of all of Plaintiff's claims. Plaintiff's appeal was filed on April 10, 2014.

II. This action has jurisdiction pursuant to 28 U.S.C. §1291.

## STATEMENT OF THE ISSUE PRESENTED

Whether the District Court Erred By Granting Defendant's Motion for Judgment on the Pleadings

## STATEMENT OF THE CASE

On September 19, 2013, Plaintiff filed this case alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

On January 30, 2014, Defendant filed its Answer and Defenses and a Motion for Judgment on the Pleadings. On February 20, 2014, Plaintiff filed a Response to Defendant's Motion on the Pleadings. Defendant filed a Reply in Support of Its Motion for Judgment on the Pleadings on March 3, 2014. On March 13, 2014, the United States District Court for the Western District of North Carolina granted Defendant's Motion for Judgment on the Pleadings.

On April 10, 2014, Plaintiff filed notice of appeal of this matter.

## STATEMENT OF THE FACTS

Plaintiff was employed by Defendant on or about November 1, 2009 as an Automotive Technician and later became a General Service Technician. (JA 2). He worked at Defendant's Waxhaw and Charlotte, North Carolina locations. *Id.* Plaintiff is informed and believes that Defendant is an automotive company engaged in the retail and wholesale merchandising of tires, batteries, and related automotive accessories and in the general automotive maintenance and repair service. (JA 2). Beginning

3

in January 2011, Plaintiff was sexually harassed by the store manager and other co-workers (all male employees) who called him gay. (JA 2). He was continually harassed by being told by his supervisor (also male) that he needed to wear knee pads to perform sexual acts on his supervisor and told that he would have to engage in anal sexual acts to get what he needed. (JA 2). Plaintiff was exposed regularly to gay pornography while at the workplace. (JA 2). On or about April 26, 2011, Plaintiff was given a work order which stated "Mike is gay all day." (JA 2). The sexual harassment was conducted with the purpose of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile and offensive working environment for him. (JA 2). Plaintiff constantly made efforts to cease the sexual harassment but to no avail. (JA 2). It was a pattern of Defendant's employees and management staff to harass, intimidate Plaintiff and to call him stereotypical names in violation of his rights under Title VII. (JA 2). The sexual harassment has caused Plaintiff to suffer stress, embarrassment, worry and has had a negative impact on his entire lifestyle. (JA 2). The sexual harassment at the workplace was so stressful that Plaintiff found it necessary to seek professional help. (JA 3). After seeking professional help, Plaintiff was diagnosed with PTSD and was under

4

treatment for the disorder. (JA 3). Plaintiff continues to receive treatment, including counseling, for PTSD. (JA 3).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on February 10, 2012, alleging that he had been subjected to discrimination based upon sex and retaliation. The EEOC issued a right to sue letter dated February 23, 2012. It determined that Plaintiff had waited too long to file his charge. However, Plaintiff contacted the EEOC well in advance of the expiration of the 180-day deadline. He completed a questionnaire with the Greenville, South Carolina EEOC office in June of 2011. However, the EEOC failed to follow through with the processing of his claim. As a result, the EEOC issued a Notice of Intent to Reconsider on May 16, 2012. In that Notice of Intent to Reconsider, the EEOC revoked the Right to Sue Letter issued on February 23, 2012. The EEOC subsequently investigated the Plaintiff's charge on the merits and issued a Dismissal and Notice of Rights after an investigation on June 20, 2013. That Right to Sue Letter did not claim that a charge was untimely filed.

## ARGUMENT

### I. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

#### A. STANDARD OF REVIEW

5

A district court's decision to grant judgment on the pleadings is reviewed *de novo*, applying the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). *Burbach Broad Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The Court must accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiffs. *Id.* A motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact. *Butler v. United States,* 702 F.3d 749, 752 (4th Cir. 2012).

### A. THE DISTRICT COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S DISCRIMINATION CLAIMS

Title VII requires only that EEOC Charges "be in writing under oath or affirmation" and "contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b).

6

In *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 437 (M.D.N.C. 2011), eleven Plaintiffs each filed an Intake Questionnaire with the EEOC between July 26, 2005, and May 5, 2006. Each Intake Questionnaire was in writing and contained a signed declaration under the penalty of perjury that the information provided in this questionnaire is true and correct. *Id.* The court concluded that "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id.*; 29 C.F.R. § 1601.12(b). In *Alexander*, the Intake Questionnaires satisfied the requirements for a charge.

In *Fulmore v. City of Greensboro,* 834 F. Supp. 2d 396 (2011), plaintiff police officer asserted racial discrimination claims against defendant city of Greensboro under Title VII of the Civil Rights Act of 1964. On August 1, 2005, *Fulmore* submitted an Intake Questionnaire to the EEOC alleging racial discrimination by the city. The EEOC delayed in preparing the plaintiff's charge of discrimination until June 1, 2006. The city contended that the plaintiff's claim should be dismissed because he failed to timely file his Charge of Discrimination with the EEOC. The plaintiff argued that the 180-day limitations period should be equitably tolled from the date of his Intake Questionnaire to the date of his formal

7

charge. The court noted that an untimely filed charge is not a jurisdictional bar and Equitable Doctrines are applied when there are extraordinary circumstances beyond plaintiffs' control which made it impossible to file on time. The court agreed with the plaintiff in *Fulmore* and found that he plausibly submitted his Intake Questionnaire and that a reasonable inference is that the plaintiff intended his Intake Questionnaire to be mechanism of the EEOC charge-filing process. There was no indication that he was responsible for the EEOC's delay.

The present case is similar to *Alexander v. City of Greensboro* and *Fulmore v. City of Greensboro*. Plaintiff completed a questionnaire with the Greenville, South Carolina EEOC office in June of 2011. However, the EEOC failed to follow through with the processing of his claim. As a result, the EEOC issued a Notice of Intent to Reconsider on May 16, 2012. In that Notice of Intent to Reconsider, the EEOC revoked the Right to Sue Letter issued on February 23, 2012. The EEOC subsequently investigated the plaintiff's charge on the merits and issued a Dismissal and Notice of Rights on June 20, 2013 after an investigation. That Right to Sue Letter did not claim that a charge was untimely filed.

Plaintiff's February 10, 2012 charge relates back to the questionnaire filed in June of 2011 making the EEOC charge timely filed. Additionally,

8

like the plaintiff in *Fulmore,* Plaintiff plausibly submitted his Intake Questionnaire and intended his Intake Questionnaire to begin the charge-filing process. There is no indication that Plaintiff was responsible for the EEOC's delay. Therefore, the EEOC's processing of this charge and its determination that it was not an untimely filed charge should be given deference.

Administrative agency's decisions regarding the processing of charges under its purview are to be accorded deference. *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Edelman v. Lynchburg College*, 535 U.S. 106 (2002); *EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984) (the Equal Employment Opportunity Commission's interpretation of its own rules is entitled to deference); *Board of Co. Commissioners v. U.S. EEOC*, 405 F.3d 840 (10th Cir. 2005); *Navarro v. Pfizer Corporation*, 261 F.3d 90 (1st Cir. 2001) (upholding the EEOC's decision that a charge was timely filed); and *AARP v. EEOC*, 390 F.Supp.2d 437 (E.D.Pa., 2005).

The issuance of the notice of right to sue is a jurisdictional requirement and the EEOC has satisfied itself that Plaintiff's charge was timely filed. The Court prematurely granted Defendant's Motion for Judgment on the Pleadings. There are factual issues that would be best determined after the development of the record. The Court simply reviewed

the time frame in which Plaintiff's charge was filed without looking at further evidence to substantiate the EEOC's decision to review Plaintiff's charge. The dates of Plaintiff's filed charge are not dispositive of whether there was a timely charge filed as noted in *Alexander v. City of Greensboro* and *Fulmore v. City of Greensboro*. The Court cannot determine if case was timely filed just by looking at dates on EEOC charge. At minimum, further inquiry regarding the rationale behind the Commission's determination was necessary. Discovery was needed to verify Plaintiff's timely filing.

Courts may elect to defer ruling on issues raised in Rule 12(c) until the close of discovery. See *Pressley v. Caromont Health*, 2009 U.S. Dist. LEXIS 120644 (W.D.N.C. Dec. 29, 2009). Here, the Court issued its ruling without a fully developed factual record. See *Flue-Cured Tobacco Co-op. Stabilization Corp. v. U.S. Envtl. Prot. Agency*, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994). (Holding that the plaintiffs' claim under the Due Process Clause of the Fifth Amendment can be adjudicated more accurately after the parties have developed the factual record). A more complete record would have developed more facts regarding the EEOC's decision to further review Plaintiff's claim. Additional discovery would have revealed that Plaintiff's charge was in fact timely and the reason that the Commission revoked the

10

Right to Sue Letter issued on February 23, 2012 and subsequently investigated the Plaintiff's charge on the merits. The EEOC issued a right to sue that is jurisdictional. The EEOC's revocation of the right to sue letter dated February 23, 2012 and the issuance of a Dismissal and Notice of Rights that did not assert untimely filing, provides that there was a timely filing in accordance with the statute. It was inappropriate for the Court to issue a judgment on the pleadings. Consequently, Defendant's motion to dismiss based on the filing of the EEOC charge should have been denied.

## CONCLUSION

For the foregoing reasons, the decision of the District Court should be reversed and remanded.

This 7th day of July, 2014.

                                                   s/ Geraldine Sumter
                                                   N.C. Bar Number 11107
                                                   FERGUSON, CHAMBERS &
                                                          SUMTER, P.A.
                                                 741 Kenilworth Avenue, Suite 300
                                               Charlotte, North Carolina 28204
                                               Telephone:    704-375-8461
                                               Facsimile:    704-334-5654
                                               Email: gsumter@fergusonsumter.com

                                               Attorney for Appellant

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14-1341        Caption: Michael Little v. Hook Tire & Service, Inc.

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓] this brief contains __2,411__ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓] this brief has been prepared in a proportionally spaced typeface using
   __Microsoft Word__ [*identify word processing program*] in
   __14-pt font size__ [*identify font size and type style*]; **or**

   [ ] this brief has been prepared in a monospaced typeface using
   _____ [*identify word processing program*] in
   _____ [*identify font size and type style*].

(s) Geraldine Sumter

Attorney for Appellant

Dated: July 7, 2014

04/13/2012
SCC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has this day served a copy of foregoing **BRIEF OF APPELLANT** on all parties through the Court's CM/ECF System as follows:

>Steven D. Dellinger
>sdellinger@littler.com

>Kevin Murphy
>kmurphy@littler.com

This 7th day of July, 2014.

>s/ Geraldine Sumter
>N.C. Bar No: 11107
>FERGUSON, CHAMBERS & SUMTER, P.A.
>741 Kenilworth Avenue, Suite 300
>Charlotte, North Carolina 28204
>Telephone: 704-375-8461
>Facsimile: 704-334-5654
>E-mail: gsumter@fergusonsumter.com

>Attorney for Plaintiff