**RECORD NO. 14-1341**

In the
United States Court of Appeals
*for the*
Fourth Circuit

**MICHAEL LITTLE,**

*Plaintiff-Appellant,*

v.

**HOOK TIRE & SERVICE, INC.,**

*Defendant-Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA, CHARLOTTE DIVISION**

**BRIEF OF APPELLEE**

STEPHEN D. DELLINGER, ESQ.
*sdellinger@littler.com*
KEVIN P. MURPHY, ESQ.
*kmurphy@littler.com*
LITTLER MENDELSON, P.C.
100 North Tryon Street, Suite 4150
Charlotte, North Carolina 28202
704.972.7000 (telephone)
704.333.4005 (facsimile)
*Counsel for Defendant-Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __14-1341__      Caption: __Michael Little v. Hook Tire & Service, Inc.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Hook Tire & Service, Inc.__
(name of party/amicus)

_____

 who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.      Does party/amicus have any parent corporations?                    ☐ YES ☑ NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                    ☐ YES ☑ NO
        If yes, identify all such owners:

10/28/2013 SCC                          - 1 -

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?      ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?      ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: __/s/ Kevin P. Murphy_____      Date:      ___April 24, 2014___

Counsel for: __Hook Tire & Service, Inc._____

## CERTIFICATE OF SERVICE
**************************

I certify that on ___April 24, 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Geraldine Sumter
Ferguson, Chambers & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204

__/s/ Kevin P. Murphy_____      ___April 24, 2014___
(signature)      (date)

- 2 -

# TABLE OF CONTENTS

PAGE

I.    STATEMENT OF THE CASE ........................................................1

II.   STATEMENT OF FACTS .........................................................1

III.  ARGUMENT....................................................................3

    A.   Standard Of Review .........................................................3

    B.   The District Court Properly Dismissed Little's Complaint .................5

        1.   Little's Arguments That, by Submitting an Unalleged EEOC "Intake Questionnaire" within the 180-day Filing Deadline, His EEOC Charge was Timely, or That the Statutory Limitations Period Should be Equitably Tolled,Were Not Raised Before the District Court and Therefore Are Waived. ..................................................5

            a.   Questions not raised before the district court may not be considered on appeal................................5

            b.   Little's Arguments Regarding His Submission of an Intake Questionnaire and Equitable Tolling Also Fail on the Merits .....................................9

                (i)   Little cannot show that his unalleged intake questionnaire satisfied his obligation to file a Charge within 180 days...................................10

                (ii)   Little cannot support an equitable tolling argument on this record......................................12

        2.   The EEOC Does Not Decide What Charges Are Timely and Untimely.........................................................15

        3.   Little Wrongly Faults The District Court for Not Allowing Discovery ...........................................................18

IV.   CONCLUSION.................................................................19

V.    REQUEST FOR ORAL ARGUMENT .............................................19

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alexander v. City of Greensboro*,
801 F. Supp. 2d 429 (M.D.N.C. 2011) ....................................................7, 10, 11

*Blair v. Oesterlein Machine Co.*,
275 U.S. 220, 225, 48 S.Ct. 87, 72 L.Ed. 249 ......................................................6

*Blankenship v. Manchin*,
471 F.3d 523, 529 (4th Cir. 2006) ........................................................................4

*Brown v. Inst. For Family Centered Servs.*,
394 F. Supp. 2d 724, 729 (M.D.N.C. 2005) ........................................................4

*Burbach Broad. Co. of Del. V. Elkins Radio Corp.*,
278 F.3d 401, 405–06 (4th Cir. 2002) .................................................................3

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*,
467 U.S. 837, 842-43 (1984) .......................................................................15, 16

*Christensen v. Harris Cnty.*,
529 U.S. 576 (2000)......................................................................................15, 16

*Citicorp Person–to–Person Fin. Corp. v. Brazell*,
658 F.2d 232, 234–35 (4th Cir.1981) .................................................................14

*Dean v. Pilgrim's Pride Corp.*,
395 F.3d 471, 474 (4th Cir. 2005) .......................................................................5

*Delaware State Coll. v. Ricks*,
449 U.S. 250, 256-57 (1980) ...............................................................................9

*E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*,
213 F.3d 175, 180 (4th Cir. 2000) .......................................................................4

*Edelman v. Lynchburg Coll.*,
228 F.3d 503, 511 (4th Cir.2000), *rev'd on other grounds*, 535 U.S. 106,
122 S. Ct. 1145, 152 L.Ed.2d 188 (2002)...........................................................14

*Edwards v. Murphy-Brown, L.L.C.*,
   760 F. Supp. 2d 607, 619 (E.D. Va. 2011) ........................................................9

*EEOC v. Shell Oil Co.*,
   466 U.S. 54 (1984)..........................................................................................16, 17

*Fayetteville Investors v. Commercial Builders, Inc.*,
   936 F.2d 1462, 1465 (4th Cir. 1991) ..............................................................4

*Fulmore v. City of Greensboro*,
   834 F. Supp. 2d 396, 413 (M.D.N.C. 2011) ..............................................13, 14

*Giarratano v. Johnson*,
   521 F.3d 298, 302 (4th Cir. 2008) ..................................................................3

*H. E. Wolfe Const. Co. v. Fersner*,
   4 Cir., 58 F.2d 27, 28, 29 ................................................................................6

*Harris v. Hutchinson*,
   209 F.3d 325, 330-331 (4th Cir. 2000) ..........................................................13

*Hutchinson v. Fid. Inv. Ass'n*,
   106 F.2d 431, 436 (4th Cir. 1939) ....................................................5, 8, 9, 18

*Lewis v. Norfolk S. Corp.*,
   271 F. Supp. 2d 807, 817 (E.D. Va. 2003) ....................................................9

*Lopez v. Sears, Roebuck & Co.*,
   493 F. Supp. 801, 805-06 (D. Md. 1980) ......................................................16

*Marion Steam Shovel Co. v. Bertino*,
   8 Cir., 82 F.2d 945 ..........................................................................................6

*McCandless v. Furlaud*,
   293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202 ........................................................6

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101, 108 (2002)..................................................................................9

*New York Life Ins. Co. v. Doerksen*,
   10 Cir., 75 F.2d 96, 101 ..................................................................................6

*Papasan v. Allain*,
  478 U.S. 265, 286 (1986)..................................................................3

*Philips v. Pitt County Mem. Hosp.*,
  572 F.3d 176, 180 (4th Cir. 2009) ..................................................4

*Potts v. City of Utica*,
  2 Cir., 86 F.2d 616, 619 ..................................................................6

*Robinson v. Am. Honda Motor Co., Inc.*,
  551 F.3d 218, 222 (4th Cir. 2009) ..................................................3

*Rouse v. Lee*,
  339 F.3d 238, 247 n. 6, 248 (4th Cir.2003) (en banc) ...............3, 12

*Singleton v. Wulff*,
  428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ..............6

*Skidmore v. Swift & Co.*,
  323 U.S. 134, 140 (1944)............................................................15, 16

*Smith v. Pennington*,
  352 F.3d 884, 892 (4th Cir. 2003) .............................................3, 12

*Tele–Communications, Inc. v. Commissioner*,
  12 F.3d 1005, 1007 (10th Cir.1993) ...............................................6

*Vaughn v. Wal–Mart*,
  No. 4:10–CV–31, 2010 WL 4608403, at *5 (W.D. Va. Nov. 12, 2010) ...........14

*Veney v. Wyche*,
  293 F.3d 726, 730 (4th Cir. 2002) ..................................................4

*Wheatley v. Wicomico Cnty., Maryland*,
  390 F.3d 328, 334-35 (4th Cir. 2004)......................................6, 8, 18

*Williams v. Prof. Transp. Inc.*,
  294 F.3d 607, 614 (4th Cir.2002) ...........................................6, 8, 18

### STATUTES

42 U.S.C. § 2000e-5(e) ...................................................................7, 15

42 U.S.C. § 2000e-5(f)(1) ....................................................................2

## OTHER AUTHORITIES

29 C.F.R. § 1601.12 .................................................................................. 16

29 C.F.R. § 1601.12(a) ............................................................................. 10

29 C.F.R. § 1601.12(a)(1)-(4) .................................................................. 10

29 C.F.R. § 1601.19(b) .......................................................................... 2, 17

Fed. R. App. P. 32(a)(6) ........................................................................... 20

Fed. R. App. P. 32(a)(7)(B)(iii) ............................................................... 20

Rule 12(b)(6) ............................................................................................... 3

Rule 12(c) ................................................................................................ 3, 5

## I.  STATEMENT OF THE CASE[1]

This appeal involves one issue: whether Appellant Michael Little ("Appellant" or "Little") timely-filed a Charge of Discrimination before the U.S. Equal Employment Opportunity Commission ("EEOC").  (*See* District Court Order, Joint Appendix ("J.A.") at 103.)  As the district court correctly found, he did not.  (*See* Untimely Charge, J.A. at 20.)  Little now argues to this Court, for the first time, that he submitted an "Intake Questionnaire" to the EEOC and therefore the statutory limitations period should be "equitably tolled."  (*Id.*; Complaint, J.A. at 6-10.)  (*See generally* Little's Opening Br.)  This argument is both waived and unavailing.

## II.  STATEMENT OF FACTS

Little left work on medical leave on June 9, 2011, and admittedly was not subject to any alleged harassment after that date.  (Untimely Charge, J.A. at 20.)  Little filed his Charge of Discrimination with the EEOC, complaining of harassment, on February 10, 2012, 246 days later.  (*Id.*; Complaint at ¶ 24, J.A. at 9.)

The EEOC dismissed Little's Charge within two weeks of receiving it, (J.A. at 86), but later rescinded that decision three months later without reason or

---

[1] Hook Tire includes this section to supplement the "Statement of Case" included in Little's opening brief.  Hook Tire does not otherwise disagree with Appellant's "Statement of Case" as stated.  (Little's Opening Br. at 9.)

justification.  *See* 29 C.F.R. § 1601.19(b) (allowing the EEOC to revisit reasonable cause findings).  (J.A. at 90.)

The EEOC then dismissed Little's Charge a second time on June 20, 2013. (J.A. at 92; Complaint at ¶ 24, J.A. at 9.)  Appellant filed this lawsuit 91 days later, on September 19, 2013, barely beating 42 U.S.C. § 2000e-5(f)(1)'s 90-day statute of limitations, if we assume some delay through the mail.  (Complaint, J.A. at 6-10.)  Plaintiff then waited 117 days before serving Defendant with the Summons and Complaint, narrowly avoiding Federal Rule of Civil Procedure 4(m)'s 120-day time limit.

While Appellant may have cleared the deadlines to file and serve his Complaint by a matter of days, he missed his statutory deadline to file a Charge of Discrimination with the EEOC by over two months.  For that reason, this Court should affirm the district court's dismissal of Little's Complaint.

In trying to avoid Title VII's 180-day statutory filing requirement, Little now argues  on appeal that he somehow satisfied the filing requirement by completing an EEOC "Intake Questionnaire" "in June of 2011", and that this questionnaire either satisfied his obligation to file a charge within 180 days, or excused it through application of equitable tolling.  (Little's Opening Br. At 11, 13.)  Even if this Court were to consider these arguments, which Little did not raise with the district court, they are insufficient to render his EEOC Charge timely.

2

## III.  ARGUMENT

### A.  Standard Of Review

This Court typically reviews the grant of a Rule 12(c) motion for judgment on the pleadings *de novo*, applying the same standard of review it applies to a Rule 12(b)(6) motion to dismiss.[2]  *Burbach Broad. Co. of Del. V. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).  Specifically, the Court looks to whether the factual allegations in the complaint "raise a right to relief above the speculative level and . . . state a claim to relief that is plausible on its face."  *Robinson v. Am. Honda Motor Co., Inc*., 551 F.3d 218, 222 (4th Cir. 2009) (internal quotation marks omitted).  Although the facts are reviewed in the light most favorable to the plaintiff, the Court "need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks omitted); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss [the Court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation.")  Likewise, this Court has held that the district court need not accept allegations in the complaint that represent

---

[2] Had Little's equitable tolling argument been raised below, the district court's rejection of it would have been reviewed for abuse of discretion only.  *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (citing *Rouse v. Lee*, 339 F.3d 238, 247 n. 6, 248 (4th Cir.2003) (en banc)).

"unwarranted inferences, unreasonable conclusions, or arguments,' or 'contradict matters properly subject to judicial notice or by exhibit.'" *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006) (quoting *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)).

It is also well settled in this Circuit that the district court may consider not only the allegations in the Complaint, but any exhibits attached to it, or incorporated by reference. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). Moreover, in the event of a conflict between the Complaint's allegations and any exhibit, whether attached or incorporated by reference, the exhibit prevails. *Id.*

Specifically, in discrimination cases, "the court can consider the charge of discrimination without having the motion to dismiss converted into one for summary judgment. In this case, the EEOC charge is referenced in Plaintiff's Complaint . . . and is central to Plaintiff's claim in that Plaintiff must rely on it to establish []he has exhausted [his] administrative remedies." *See Brown v. Inst. For Family Centered Servs.*, 394 F. Supp. 2d 724, 729 (M.D.N.C. 2005); *see also Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("We may also consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as

well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic").

Accordingly, where the Complaint and its incorporated exhibits reveal on their face that the plaintiff's claims are time-barred, a Rule 12 motion is the proper vehicle for raising the statute of limitations defense. *See Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).[3]

**B.    The District Court Properly Dismissed Little's Complaint**

    **1.    <u>Little's Arguments That, by Submitting an Unalleged EEOC "Intake Questionnaire" within the 180-day Filing Deadline, His EEOC Charge was Timely, or That the Statutory Limitations Period Should be Equitably Tolled,Were Not Raised Before the District Court and Therefore Are Waived.</u>**

        **a.    Questions not raised before the district court should not be considered on appeal.**

"The rule is well settled that only in exceptional cases will questions, of whatever nature, not raised and properly preserved for review in the trial court, be noticed on appeal." *Hutchinson v. Fid. Inv. Ass'n*, 106 F.2d 431, 436 (4th Cir.

---

[3] In their treatise on the Federal Rules of Civil Procedure Wright and Miller state that a motion for judgment on the pleadings pursuant to Rule 12(c) "is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice." 5(C) C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 206-07 (3d ed. 2004).

1939) (citing 4 C.J.S., Appeal and Error, § 228, page 430; *Blair v. Oesterlein Machine Co.*, 275 U.S. 220, 225, 48 S.Ct. 87, 72 L.Ed. 249; *McCandless v. Furlaud*, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202; *H. E. Wolfe Const. Co. v. Fersner*, 4 Cir., 58 F.2d 27, 28, 29; *Potts v. City of Utica*, 2 Cir., 86 F.2d 616, 619; *Marion Steam Shovel Co. v. Bertino*, 8 Cir., 82 F.2d 945; *New York Life Ins. Co. v. Doerksen*, 10 Cir., 75 F.2d 96, 101).

More recently, this Circuit has emphasized that, "[i]ssues raised for the first time on appeal 'are generally not considered absent exceptional circumstances.'" *Wheatley v. Wicomico Cnty., Maryland*, 390 F.3d 328, 334-35 (4th Cir. 2004) (quoting *Williams v. Prof. Transp. Inc.*, 294 F.3d 607, 614 (4th Cir.2002)); *see also Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). "The policies behind the rule are obvious: 'respect for the lower court, [an avoidance of] unfair surprise to the other party, and the need for finality in litigation and conservation of judicial resources.' *Wheatley*, 390 F.3d at 334-35 (quoting *Tele–Communications, Inc. v. Commissioner*, 12 F.3d 1005, 1007 (10th Cir.1993) (internal quotation omitted)).

In trying to avoid having his case dismissed by the district court, for filing his EEOC Charge more than 180 days after the last alleged discriminatory event, Little made no mention of submitting an "Intake Questionnaire." Nor did Little argue to the district court that it somehow supported an "equitable tolling" of the

statutory limitations period.   (Appellant's Response Brief, J.A. at 79-81; Complaint, J.A. at 6-10.)  Now he rests his entire appeal on these two arguments; yet in doing so, he fails to show that "exceptional circumstances" exist to overcome his having waived them.  (*See generally* Little's Opening Br.)

In response to Defendant's Motion for Judgment on the Pleadings, Little attached to his opposition brief a copy of his late-filed EEOC Charge, (J.A. at 84), the EEOC's February 23, 2012 Dismissal, (J.A. at 86-89), the EEOC's May 16, 2012, Notice of Intent to Reconsider, (J.A. at 90), and the EEOC's June 20, 2013 Dismissal.  (J.A. at 92-93).  Noticeably absent from this submission is the Intake Questionnaire that Little now asserts he completed in June 2011. Similarly, Little's Complaint and the opposition brief he filed with the district court do not mention his having completed an "intake questionnaire", or what information or allegations it contained.   Indeed, Little still has not produced such a questionnaire to Appellee's counsel or sought to include it in the record appendix before this Court.

Nonetheless, Little now argues that he satisfied Title VII's filing deadline by "completing" an intake questionnaire with the EEOC within the 180-day period. (Little's Opening Br. at 13-14) (citing *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 437 (M.D.N.C. 2011)); *see also* 42 U.S.C. § 2000e-5(e).  Little also contends, with no supporting allegations in his Complaint, that, upon completing an intake questionnaire, the EEOC engaged in malfeasance by failing to process

his claim or help him file a formal Charge of Discrimination. This neglect by the EEOC, according to Little, establishes grounds for equitably tolling Title VII's 180-day filing deadline. (Little's Opening Br. at 13-15.)

These arguments were neither made to the district court nor supported by any allegations in Little's Complaint or anything else in the record before the district court. As such, the district court had no opportunity to address them and they are waived as a matter of law. *Wheatley*, 390 F.3d at 334-35; *Williams*, 294 F.3d at 614; *Hutchinson*, 106 F.2d at 436. What is more, Little has not advanced any reason, never mind "exceptional circumstances", that prevented him from bringing these issues before the district court. Instead, Little filed a two-page opposition brief responding to Defendant's Motion for Judgment on the Pleadings, in which he made the following two arguments: (1) that the court should blindly defer to the EEOC's (unstated) conclusion that his untimely Charge was timely; and (2) that his Complaint should not be dismissed under Federal Rule of Civil Procedure 4(m)—an issue not pending before the district court. (J.A. at 79-81.)

This Court should reject Little's reliance on matters that were neither alleged in his Complaint nor disclosed to the district court, particularly where he has not even provided a copy of the alleged EEOC "intake questionnaire" to this Court, never mind explained why it should be considered at this late date. *Wheatley v. Wicomico Cnty., Maryland*, 390 F.3d 328, 334-35 (4th Cir. 2004); *Williams v.*

8

*Prof. Transp. Inc.*, 294 F.3d 607, 614 (4th Cir.2002); *Hutchinson v. Fid. Inv. Ass'n*, 106 F.2d 431, 436 (4th Cir. 1939).

> **b.    Little's Arguments Regarding His Submission of an Intake Questionnaire and Equitable Tolling Also Fail on the Merits.**

Even if this Court were to entertain the arguments that Little plainly waived, they are insufficient to save his case.  Nothing in Little's Complaint or the record before this Court supports an argument that conduct by the EEOC (or lack thereof) entitled Little to file his EEOC Charge late.

The United States Supreme Court has repeatedly declared that:

> strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.  By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination.  The limitations period, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protects employers from the burden of defending claims arising from employment decisions that are long past.

*Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002); *Delaware State Coll. v. Ricks*, 449 U.S. 250, 256-57 (1980)); *see also Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 817 (E.D. Va. 2003) (dismissing claims because plaintiff filed EEOC Charge one day late).  Congress' concern that employers not be forced to defend employment decisions made in the distant past

is especially valid here where Little's delay has caused this case to languish for more than three years already.

> (i) Little cannot show that his unalleged intake questionnaire satisfied his obligation to file a Charge within 180 days.

Little's failure to allege that he completed an intake questionnaire or what he wrote in that questionnaire, not to mention his failure to provide the district court with a copy of it, deprives this Court of the ability to determine whether it contained the elements required by 29 C.F.R. § 1601.12(a).  In *Alexander v. City of Greensboro*, the district court allowed the plaintiffs' intake questionnaires to satisfy the charge requirement because: (a) the plaintiffs' questionnaires "contained the information required by 29 C.F.R. § 1601.12(a)(1)-(4); (b) the EEOC treated the questionnaires as charges by giving them charge numbers and sending the respondent a Notice of Charge of Discrimination after receiving them; and (c) the plaintiffs placed their intake questionnaires before the district court for analysis and characterized them as being the charges filed with the EEOC.  801 F. Supp. 2d 429, 437-39 (M.D.N.C. 2011).

Here, by contrast, this Court cannot determine whether Appellant's asserted questionnaire contains the information required by 29 C.F.R. § 1601.12(a)(1)-(4), if it existed at all.

Likewise, the EEOC did not treat the claimed questionnaire as a charge. Instead, the EEOC relied entirely on Little's formal Charge of Discrimination. The EEOC first dismissed the formal Charge of Discrimination on February 23, 2012. Subsequently, it informed Little of its intent to reconsider its prior decision on May 16, 2012, and then dismissed the formal Charge a final time on June 20, 2013. (J.A. at 86-93.)    At each step, the EEOC referenced Little's Charge of Discrimination by Charge No. 430-2012-00893.    (*Id.* at 84, 86, 90, 92.)    As evidenced by inclusion of "2012" in the center of this number, the reference is to the formal February 10, 2012 Charge itself, and not to any questionnaire from 2011, as was the case in *Alexander*.

Little's allegations do not parallel those advanced in *Alexander* either. There, the court held that plaintiffs' allegations that they filed charges of discrimination with the EEOC were broad enough to count as an allegation that the plaintiffs filed intake questionnaires that the EEOC treated as charges.  801 F. Supp. 2d at 439-40.  Here, Little explicitly referenced filing a February 10, 2012 EEOC Charge No. 430-2012-00893, and averred nothing about filing an intake questionnaire, as the basis for properly exhausting his administrative remedy. (Complaint at ¶ 24, J.A. at 9.)  Thus, even if Little could somehow show that this argument was not waived, and moreover that the "intake questionnaire" somehow

included all of the required elements of a formal Charge, his claim would still fail because he relied on entirely different exhaustion efforts in his Complaint.

> (ii)    Little cannot support an equitable tolling claim on this record.

Little's failure to raise—never mind press—his current equitable tolling argument before the district court is especially ironic because Defendant proactively addressed it in its Memorandum in Support of its Motion for Judgment on the Pleadings.  (J.A. at 75-76.)  Notably, Little completely failed to respond to Defendant's arguments, leading the district court not to consider equitable tolling. Reversing the district court in this context would be especially inappropriate because the district court could hardly be found to abuse its discretion by not considering an argument that Little purposefully ignored.  *See Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (citing *Rouse v. Lee*, 339 F.3d 238, 247 n. 6, 248 (4th Cir.2003) (en banc)).

But even if the Court somehow excused Little's failure to raise or advance an equitable tolling argument when he had the chance, it still would not merit reversing the district court's decision.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair

> accommodation. [This Circuit] believe[s], therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330-331 (4th Cir. 2000) (internal quotations and citation omitted).

Here, Little pled nothing to support a finding that, due to circumstances beyond his control, it would be unconscionable to enforce the limitations period against him, or that gross injustice would result. Instead, Little simply pretended that his February 10, 2012 Charge was timely. (Complaint at ¶ 24, J.A. at 9.) Having done so Little cannot now rely on his attorney's statements in an appellate brief to exhume and advance allegations in support of equitable tolling. There is nothing else before this Court to support a finding that the EEOC's neglect prevented Little from filing a timely Charge of Discrimination as required by Title VII.

For his part, Little cites *Fulmore v. City of Greensboro*, 834 F. Supp. 2d 396, 413 (M.D.N.C. 2011), for the remarkable proposition that, whenever the EEOC delays in preparing a formal Charge of Discrimination, the 180-day statutory limitations period must be equitably tolled. (Little's Opening Br. at 13-14.) Of course, the district court's decision in *Fulmore* is not nearly so expansive. To the contrary, the court held that, "where the plaintiff is at least partly responsible for

the delay or does not diligently pursue his legal rights, tolling is generally not permitted." 834 F. Supp. 2d at 413 (citing *Edelman v. Lynchburg Coll.*, 228 F.3d 503, 511 (4th Cir.2000) (refusing to allow tolling to save the plaintiff's untimely charge based upon EEOC delay in preparing the charge where (1) the plaintiff was represented by counsel throughout the administrative process, (2) he waited five months into the applicable 300–day limitations period before even contacting the EEOC, and (3) the EEOC mailed him the draft charge within the limitations period but he took too long signing and returning it), *rev'd on other grounds*, 535 U.S. 106, 122 S. Ct. 1145, 152 L.Ed.2d 188 (2002); *Citicorp Person–to–Person Fin. Corp. v. Brazell*, 658 F.2d 232, 234–35 (4th Cir.1981) (refusing to allow tolling based on the EEOC's failure to refer the plaintiff's charge to the appropriate state agency, which led to a missed deadline, because the plaintiff had (mistakenly) told the EEOC that she had already sent a charge to the state agency); *Vaughn v. Wal–Mart*, No. 4:10–CV–31, 2010 WL 4608403, at \*5 (W.D. Va. Nov. 12, 2010) (holding that a single phone call to the EEOC after not hearing from the agency for two months would not constitute sufficiently diligent follow-up to justify tolling, even if EEOC delay were responsible for the plaintiff's untimely charge (which the plaintiff did not clearly allege)).

In his Complaint, Little alleged nothing about his efforts to diligently pursue his claim before the EEOC, or whether he was represented by counsel at that time.

14

Little has not even argued such details before this Circuit. Consequently, Little's belated and wholly unsupported equitable tolling argument must be rejected.

### 2.    The EEOC Does Not Decide Whether Charges Are Timely Filed.

Little also repeats his argument below that, regardless of when he filed his Charge (or questionnaire for that matter), the EEOC is empowered to declare untimely charges timely. (Little's Opening Br. at 15-16.) The EEOC has no such statutory authority. While courts are required to give deference to official agency interpretations of statutory or regulatory language in certain situations, they do not require courts to defer to an agency's math skills. Significantly, *Chevron* and *Skidmore* instruct courts to focus on clear statutory language rather than the unstated "beliefs" of administrative agencies. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc*., 467 U.S. 837, 842-43 (1984); *Skidmore v. Swift & Co*., 323 U.S. 134, 140 (1944); *see also Christensen v. Harris Cnty*., 529 U.S. 576 (2000). "First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. The 180-day period prescribed by Congress in 42 U.S.C. § 2000e-5(e) is clear and unambiguous. 180 days means 180 days, not 246. Neither *Chevron* nor *Skidmore* would require—or even suggest—that this Court should find that Little's Charge was timely filed in the

face of unequivocal evidence and Little's admission that his Charge was filed 66 days late. *Chevron*, 467 U.S. at 842-43; *Skidmore*, 323 U.S. at 140; *see also Christensen v. Harris Cnty.*, 529 U.S. 576 (2000).

The District of Maryland rejected an identical argument in *Lopez v. Sears, Roebuck & Co.*, 493 F. Supp. 801, 805-06 (D. Md. 1980). There, the plaintiff alleged that he was constructively discharged on December 9, 1978. He did not file a formal Charge of Discrimination with the EEOC until July 9, 1979—212 days later. Just as in the present case, the EEOC initially dismissed the plaintiff's Charge as untimely before later reviving it. The court held that the EEOC's revocation of its prior dismissal of the plaintiff's charge as untimely did not control. *Id*. at 805. "Rather, the plaintiff still bears the burden of affirmatively showing that his charges were filed with the EEOC within 180 days of the alleged unlawful employment practice." *Id*. The court did not simply defer to the EEOC as Little asks this Circuit to do. Instead, Appellant bears the burden to plausibly allege that he met the statute of limitations.

Little also cites a variety of irrelevant and contradictory cases in support of his argument for limitless EEOC discretion in entertaining late-filed Charges, which directly undercut his position. (Little's Opening Br. at 15.) In *EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984), for instance, the Supreme Court held that 29

C.F.R. § 1601.12 "is binding on the Commission as well as complainants." *Id.* at 67.

The EEOC does not have the ability to turn lead into gold or untimely charges into timely ones. Even if such a power existed, Little has not shown that the EEOC performed this alchemy in his case. Appellant asks the Circuit to extrapolate that the EEOC believes his Charge was timely filed from its Notice of Intent to Reconsider and its election to dismiss his claim due to a finding of no reasonable cause instead of its untimeliness.

Yet, the EEOC's Notice of Intent to Reconsider does not declare that Little's Charge was timely filed. (J.A. at 90.) It simply reopened an investigation pursuant to the Commission's unfettered authority to do so under 29 C.F.R. § 1601.19(b). (*Id.*) Moreover, Section 1601.19(b) pertains to reasonable cause findings only, not timeliness findings. 29 C.F.R. § 1601.19(b).

Similarly, the EEOC's June 20, 2013 Dismissal and Notice of Rights does not include a determination that Little's Charge was timely filed, as he asserts. (J.A. at 92.) The Notice simply contains an "X" next to the no reasonable cause box and the absence of an "X" next to the statement that the charge was untimely. (*Id.*) This indicates that "[t]he EEOC is closing its file on this Charge" because it found no reasonable cause. (*Id.*) The EEOC's failure to also check the box indicating that "[y]our charge was not timely filed" is not a determination that the

17

Charge was timely filed.  Said differently, the untimeliness of the Charge was not the reason for the EEOC's dismissal.

### 3.    Little Wrongly Faults The District Court for Not Allowing Discovery.

Little's final argument is that the district court should have exercised its discretion to defer ruling on Appellee's Motion for Judgment on the Pleadings until the close of discovery.  As with Appellant's other arguments on appeal, this one should also be disregarded because he failed to raise it below.  *Wheatley v. Wicomico Cnty., Maryland*, 390 F.3d 328, 334-35 (4th Cir. 2004); *Williams v. Prof. Transp. Inc.*, 294 F.3d 607, 614 (4th Cir.2002); *Hutchinson v. Fid. Inv. Ass'n*, 106 F.2d 431, 436 (4th Cir. 1939).  Little never asked for this extraordinary action or gave the district court any reason to think that doing so *sua sponte* would be appropriate.

Significantly, if Little believed that the district court needed to have more facts before it before ruling upon Defendant's Motion, there were avenues available for him to make such facts known to the court.  Specifically, Little did not need discovery to demonstrate that he had earlier completed an intake questionnaire, if in fact he had.  Little's argument that the court should have withheld judgment on Appellee's Motion for Judgment on the Pleadings until after discovery is meritless.

## IV.    CONCLUSION

The Court should affirm the district court's dismissal of Appellant's Complaint because his arguments on appeal are waived by his failure to bring them before the district court, and because his properly-preserved claim fails to excuse his failure to timely-file a Charge of Discrimination with the EEOC.

## V.    REQUEST FOR ORAL ARGUMENT

Appellee does not believe oral argument is necessary given the record supporting the district court's Order.    Thus, Appellee does not request oral argument at this time.

Dated: July 31, 2014                          Respectfully submitted,


                                             s/ Stephen D. Dellinger
                                             Stephen D. Dellinger, Esq.
                                             sdellinger@littler.com
                                             Kevin P. Murphy, Esq.
                                             kmurphy@littler.com
                                             LITTLER MENDELSON, P.C.
                                             100 North Tryon Street, Suite 4150
                                             Charlotte, North Carolina 28202
                                             704.972.7000 (telephone)
                                             704.333.4005 (facsimile)

                                             Counsel for Defendant-Appellee

## CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitation of Fed. R. App. P.
     28.1(e)(2) or 32(a)(7)(B) because:

     [ X ] this brief contains [4,481] words, excluding the parts of the brief
     exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

     [    ] this brief uses a monospaced typeface and contains [*state the number
     of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
     32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P.
     32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     [ X ] this brief has been prepared in a proportionally spaced typeface using
     [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

     [    ] this brief has been prepared in a monospaced typeface using [*state
     name and version of word processing program*] with [*state number of
     characters per inch and name of type style*].

Dated: July 31, 2014                    s/ Stephen D. Dellinger
                                        Counsel for Defendant-Appellee

**CERTIFICATE OF FILING AND SERVICE**

I certify that on this 31st day of July, 2014, I caused this Brief of Appellee to

be filed electronically with the Clerk of the Court using the CM/ECF System,

which will send notice of such filing to the following registered CM/ECF user:

Geraldine Sumter
Ferguson Chambers & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204
Telephone: 704-375-8461
Facsimile: 704-334-5654
gsumter@fergusonsumter.com

*Counsel for Plaintiff-Appellant*


s/ Stephen D. Dellinger
Counsel for Defendant-Appellee

Firmwide:128191014.1 071829.1001